UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael McClanahan,

    Plaintiff,                    Case Action No.: 1:09-cv-746

    v.                            Judge Michael R. Barrett

Commissioner of Social Security,

    Defendant.

## ORDER

This is a Social Security appeal brought under 42 U.S.C. § 405(g). Before the Court is Magistrate Judge Karen L. Litkovitz's January 20, 2011, Report and Recommendation ("Report") (Doc. 22).[1] In the Report, Magistrate Judge Litkovitz recommends that the Administrative Law Judge's ("ALJ") decision denying disability insurance benefits ("DIB") and supplemental security income ("SSI") be found supported by substantial evidence and affirmed. (Doc. 22, 28.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Plaintiff filed timely Objections to the Report. (Doc. 24.) Defendant has not filed a Response.

---

[1] Note that all citations are to Docket Entry numbers. Because the Administrative Transcript in this case was filed electronically, rather than manually as is typical for these types of cases, it too will be cited by its Docket Entry number, namely, Doc. 12. This also avoids the problem of incorrect Transcript numbering. (*See* Doc. 19, 2 n.2; Doc. 22, 2 n.1.)

[2] A notice was attached to the Report regarding objections. (Doc. 22, 29.)

1

For the reasons stated below, the Court overrules Plaintiff's Objections and the Report is ADOPTED. Accordingly, the Commissioner's decision is AFFIRMED.

**I.    Background**

The Report and the ALJ's decision, supplemented by the Plaintiff's and Defendant's briefs, accurately detail the facts and procedural history of this case. (*See* Doc. 22, 1-2 & 7–17; Doc. 12-2, 11–16; Doc. 13, 1–9; Doc. 19, 1–10.) They will not be repeated here.

Plaintiff maintains the following objections, each of which were addressed in the Report: (1) based on Plaintiff's frequent emergency room visits, hospitalizations, witness and vocational-expert testimony, and in accordance with Social Security Ruling 96-8p, the ALJ erred in not finding Plaintiff's abdominal pain to be a "severe" impairment under step two of the five-step sequential process (Doc. 24, 1–2); and (2) the ALJ erred in relying on non-examining state-agency physicians to discount Dr. Sklena's RFC opinion (Doc. 24, 3).[3]  Each of these will be addressed in turn.

**II.    Analysis**

    **A.    Standard of Review**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

---

[3] Note that Plaintiff did not organize each of these arguments as distinctly as the Court has listed them here. Some of Plaintiff's objections overlap and flow into one another (*see* Doc. 24), but for the sake of addressing everything thoroughly and efficiently, this is how the Court organizes its analysis.

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (*quoting Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*,

35 F.3d at 1035 (*citing Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

The Social Security Act defines disability as the inability to do any substantial gainful activity because of any medically determinable physical or mental impairment that can result in death or that can last at least twelve months.[4] 20 C.F.R. § 404.1505(a). Disability claims are evaluated under a five-step sequential process. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on the claimant through the first four steps; the burden shifts to the Social Security Administration in step five. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). However, the claimant bears the ultimate burden of proving that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a).

Step one of the sequential process requires determining whether the claimant is engaging in substantial gainful activity. If not, the inquiry moves to step two, which determines whether the claimant's impairments, individually or in combination are "severe." If a severe impairment is found, step three asks whether the claimant's impairment meets or medically equals the requirements of any impairment in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant's impairment is not of listing-level severity, then step four asks whether the claimant has

---

[4] The regulations governing the determination of disability for DIB are found at 20 C.F.R. § 404.1501 et seq. The SSI regulations are substantially identical to the DIB regulations and are set forth at 20 C.F.R. § 416.901 et seq.

the RFC to perform past relevant work.  If the claimant shows that she cannot perform past relevant work because of impairments, the Social Security Administration, in step five, must then identify other jobs existing in significant numbers in the national economy that the claimant can perform.  20 C.F.R. § 404.1520(a)(4).

If at any point it is determined that the claimant is or is not disabled, the inquiry stops.  *Id.*  For example, if the ALJ determines at step four that the claimant can perform past relevant work, the ALJ need not complete the sequential analysis.  *See id.* However, if the ALJ errs in finding that the claimant can perform past relevant work, the reviewing court should remand the matter for further consideration.  *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) ("If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.")

### B. First Objection

Plaintiff's first objection argues that based on his frequent emergency room visits, hospitalizations, witness and vocational-expert testimony, and in accordance with Social Security Ruling 96-8p, the ALJ erred in not finding Plaintiff's abdominal pain to be a "severe" impairment under step two of the five-step sequential process.  (Doc. 24, 1–2.) Plaintiff made this same argument to Magistrate Judge Litkovitz.  (Doc. 22, 17; Doc. 13, 10.)

To have a "severe" impairment, one must have an impairment or combination of impairments that significantly limits one's physical or mental ability to do "basic work

5

activities." 20 C.F.R. § 404.1520(c); 20 C.F.R. § 404.1521(a). "Basic work activities" relate to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). These abilities include the physical functions of walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. *Id.* "[A]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 691 (6th Cir. 1987). The step-two severity requirement is a *de minimis* hurdle. *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, (6th Cir. 2009) (*citing Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 234 n.2 (6th Cir. 2007)). "The goal of the test is to 'screen out totally groundless claims.'" *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (*quoting Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985)).

The magistrate judge found, and this Court agrees, that the ALJ's non-severity finding is supported by substantial evidence. (Doc. 22, 19.) The mere diagnosis of an impairment does not indicate that it is severe. *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 779 (6th Cir. 2008). But more importantly, there is no objective evidence that Plaintiff's abdominal pain affected his ability to do "basic work activities."

Plaintiff's emergency room visits are not persuasive of a severe impairment because, as the following shows, there was no substantial evidence for finding anything more than a slight abnormality. In relation to his alleged abdominal pain, Plaintiff was frequently out of medication or on none at all. He frequently failed to follow up with his gastroenterologist as directed. He was suspected of drug-seeking behavior and of

6

visiting hospitals merely to obtain narcotics. (Doc. 22, 18.) Diagnostic tests consistently revealed normal findings. CT scans of Plaintiff's abdomen and pelvis showed no acute abnormalities. Two colonoscopies yielded unremarkable results. X-ray's of Plaintiff's abdomen revealed no acute abnormalities. Because Plaintiff did not require a specialist's treatment, his gastroenterologist, Dr. Bhaskar, recommended that Plaintiff see a family-practice physician for his complaints instead of further gastrointestinal treatment, yet Plaintiff never sought such treatment. (Doc. 22, 20.) Despite being on Bentyl for irritable bowel syndrome, Plaintiff never complained to Dr. Bailey of any related IBS symptoms. (Doc. 12-2, 15.) He also denied to Dr. Bailey that he had any nausea, vomiting, or changes in bowel habits. (Doc. 22, 23 n.4.) A sigmoidoscopy yielded normal results. Plaintiff's hemoglobin and hemocrit remained normal despite complaints of rectal bleeding. And finally, an EGD showed some gastritis and duodenal ulcers, but was otherwise normal. (Doc. 12-2, 15.) As the ALJ stated, Plaintiff's "multiple emergency rooms visits for abdominal pain and rectal bleeding are not persuasive of a severe impairment . . . ." (Doc. 12-2, 15.)

  Regardless, as the magistrate judge and ALJ discussed (Doc. 22, 21; Doc. 12-2, 14), even if the ALJ erred in not finding Plaintiff's abdominal pain to be a "severe" limitation, such error was harmless. This is because the regulations require that if one "severe" impairment exists, all impairments—severe or otherwise—must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923, 404.1545(e). Thus, where an ALJ errs in finding a particular impairment "non-severe" in step two of the analysis, the error is harmless if the ALJ finds at least one severe impairment and continues to address each impairment in determining the claimant's

7

RFC. *Meadows v. Comm'r of Soc. Sec.*, No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D. Ohio 2008) (*citing Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). The magistrate judge found that "the ALJ properly considered and addressed all of Plaintiff's severe and non-severe impairments in determining his RFC." (Doc. 22, 21–22.) Because this Court agrees, and because substantial evidence supports the ALJ's decision, Plaintiff's first objection is overruled.

### C. Second Objection

Plaintiff's second objection argues that the ALJ erred in relying on non-examining state-agency physicians to discount Dr. Sklena's RFC opinion. (Doc. 24, 3.) Magistrate Judge Litkovitz considered this same argument. (Doc. 22, 26.) In addressing this issue, the Report states as follows:

> Dr. Sklena completed a basic medical form for the Brown County Department of Jobs and Family Services and opined that plaintiff suffers from IBS, back and knee pain, and depression. (Tr. 497). Dr. Sklena assessed physical limitations that would preclude gainful employment. However, as the ALJ noted in his decision, Dr. Sklena's assessment was not supported by any objective clinical findings. (Tr. 16). Moreover, other than the basic medical form, no additional treatment notes or clinical findings from Dr. Sklena appear in the record. Thus, based on the absence of objective medical support, the ALJ properly discounted Dr. Sklena's findings.

(Doc. 22, 26.) The ALJ agreed with this assessment where he stated that Dr. Sklena's "one-time examination and assessment is given no weight. . . . [because] [h]e provides absolutely no objective clinical findings . . . ." (Doc. 12-2, 17.)

The essential problem with the four pages of forms that make up Dr. Sklena's opinion is that it is entirely conclusory. (*See* Doc. 12-20, 12–15.) Other than stating that his observations are based on physical exams and history (Doc. 12-20, 15), Dr.

8

Sklena gives no indication of what evidence his opinion is based on. This is especially important given that his findings conflict with the other evidence of record. Thus, because there is an absence of objective medical evidence in support, the ALJ properly gave Dr. Sklena's RFC opinion no weight. As a result, Plaintiff's second and final objection is overruled.

### III.     Conclusion

Based on the foregoing, the Court finds that the decision of the ALJ is supported by substantial evidence. The Report (Doc. 22) is ADOPTED. The ALJ's decision is AFFIRMED, and this matter is hereby CLOSED.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge